# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

### MEDFORD DIVISION

REBECCA EVANS,

Case No. 1:10-cv-06149-CL

Plaintiff,

v.

**ORDER**

MICHAEL J. ASTRUE, Commissioner of
Social Security,

Defendant.

CLARKE, Magistrate Judge.

This matter comes before the Court on the stipulation of the parties (#30) that plaintiff be
awarded attorney fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.

## BACKGROUND

On February 24, 2011, plaintiff filed a Complaint (#2) in this court seeking judicial
review of a final decision of the Commissioner of the Social Security Commission denying her
applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income
("SSI") benefits under Titles II and XVI of the Social Security Act, as amended ("the Act").
This court recommended (#24) that the ALJ's decision denying plaintiff's applications be
affirmed and the Commissioner's motion to remand (#22) plaintiff's case for further
administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g) be denied. On
February 22, 2012, Judge Panner declined to adopt this court's recommendation and granted
(#28) the Commissioner's motion to remand.

Page 1 – ORDER

## LEGAL STANDARDS

To award attorney fees under the EAJA, the Court must determine (1) that the claimant is a "prevailing party"; (2) that the government has not met its burden of showing that its position was "substantially justified" or that special circumstances make an award unjust; and (3) that the requested fees and costs are reasonable. *See* Perez-Arellano v. Smith, 279 F.3d 791, 793 (9th Cir. 2002); 28 U.S.C. § 2412(d)(1)(A). "[A]n applicant for benefits becomes the prevailing party upon procuring a sentence-four remand for further administrative proceedings, regardless of whether [she] later succeeds in obtaining the requested benefits." Flores v. Shalala, 49 F.3d 562, 568 (9th Cir. 1995). An EAJA fee award must be reasonable. Sorenson v. Mink, 239 F.3d 1140, 1145 (9th Cir. 2001). In determining whether a fee is reasonable, the court considers the hours expended, the reasonableness of the hourly rate charged, and the results obtained. *See* Commissioner, INS v. Jean, 496 U.S. 154, 110 S.Ct. 2316 (1990); Hensley v. Eckerhart, 461 U.S. 424, 433, 103 S.Ct. 1933 (1983); Atkins v. Apfel, 154 F.3d 986 (9th Cir. 1998) (applying Hensley to cases involving the EAJA). If the requested fees are not shown to be reasonable, then the Court may reduce the award. *See* Hensley, 461 U.S. at 433; Atkins, 154 F.3d at 988.

## DISCUSSION

It is undisputed that plaintiff is a prevailing party. The Commissioner has conceded that its position in denying her benefits applications was not "substantially justified," as demonstrated by the stipulations to remand of plaintiff's case and to an award of attorney fees. Plaintiff's counsel has provided an accounting of the hours expended on her case, as follows: $700.24 in attorney fees in 2010 representing 4.0 hours expended at an hourly rate of $175.06, $2,383.79 in attorney fees in 2011 representing 13.20 hours expended at an hourly rate of $180.59, and $273.56 in attorney fees in 2012 representing 1.5 hours expended at an hourly rate of $182.37,

for a grand total of $3,357.59 in attorney fees. The parties have stipulated (#30) to an attorney fee award in the amount of $3,357.59.

The court finds that the hours worked, hourly rates, and stipulated attorney fee are reasonable. The award of attorney fees under the EAJA is subject to any offset allowed under the Department of the Treasury's Offset Program. Astrue v. Ratliff, -- U.S. --, 130 S.Ct. 2521 (2010) (an attorney fee award under the EAJA is payable to the litigant and is therefore subject to a government offset to satisfy any pre-existing debt owed to the United States by the claimant). Plaintiff has provided a signed assignment (#31-1) requesting that the attorney fees awarded be paid directly to her counsel. Therefore,

IT IS ORDERED that:

(1) plaintiff's application for attorney fees (#30) is GRANTED;

(2) plaintiff is awarded $3,357.59 for attorney fees under 28 U.S.C. § 2412(d); and

(3) the Commissioner shall determine whether plaintiff's EAJA attorney fees are subject
    to any offset permitted under the United States Department of the Treasury's Offset
    Program and, if the fees are not subject to an offset, shall honor plaintiff's assignment
    by causing the payment of fees to be made directly to plaintiff's counsel and
    delivered to plaintiff's counsel's office at Harder, Wells, Baron & Manning, P.C., 474
    Willamette Street, Eugene, Oregon 97401.

IT IS SO ORDERED.

DATED this _____ day of May, 2012.

_____
MARK D. CLARKE
United States Magistrate Judge

Page 3 – ORDER